## HARTMAN BUILDING CO v HARTMAN REALTY CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2089.   Decided Oct 15, 1931

Wilson & Rector, Columbus, for plaintiff in error.

Vorys, Sater, Seymour & Pease, Columbus, for defendant in error.

the twenty days the forfeiture could be declared by the giving of written notice, and the forfeiture when made was effective within thirty days from the date of the notice. This provision was one in favor of the lessee. Instead of the old rule of making a demand on the last day for the payment of ground rent, the lessee was given a more liberal rule on the subject of forfeiture. The Realty Company in the case at bar proceeded under the liberal rule provided for in the lease, and bases its right to a forfeiture upon the violation of the contract provision established by the lease.

We are clear that in a court of equity the Realty Company is entitled to a forfeiture. The Court of Common Pleas so held, and that judgment must be affirmed.

HORNBECK and KUNKLE, JJ, concur.

### SHAFER v NEIL HOUSE COMPANY et

Ohio Appeals, 2nd Dist, Franklin Co

No 2018. Decided Nov 2, 1931

**ALLREAD, J.**

It is urged on behalf of the Building Company that the only ground of forfeiture is that of the common law by demanding rent at the close of the last day of the period provided in the lease for the payment of the rent. This contention is founded upon the case of **Lessee of Boyd v Talbert, 12 Ohio, 212,** and the case of **Smith v Whitbeck, 13 Oh St 471.** These cases were cases at law as distinguished from one in equity.

In the case at bar there was a special provision as to the payment of ground rent, which is the one above referred to. This provision takes the place of the common law and affords a special remedy for the nonpayment of rent. This is especially true in a case of equity. By the provision referred to the payment of rent was due on December 1st and was to be paid to the City National Bank & Trust Company at Columbus, Ohio. Twenty days of grace were permitted, and after the expiration of